**UNITED STATES of America**

v.

**ERIE COUNTY MALT BEVERAGE DISTRIBUTORS ASSOCIATION;** Erie County I.D. Malt Beverage Association, also known as Erie County Importing Malt Beverage Distributors Association; Kahkwa Beer Company; George B. Barber; Robert E. Carney; Ralph A. Deck; Anthony D. Marinelli; Harold J. Mulvihill; and Louis Sawicki.

Crim. A. No. 14870.

United States District Court W. D. Pennsylvania.

Dec. 30, 1957.

Hubert I. Teitelbaum, U. S. Atty., Pittsburgh, Pa., William Maher, and John Sarbaugh, Antitrust Div., Washington, D. C., for plaintiff.

Thomas W. Barber, Francis B. Quinn, Erie, Pa., for defendants.

SORG, District Judge.

The defendants were indicted, tried and found guilty by a verdict of the

jury for violation of Section 1 of the Sherman Anti-Trust Act, 15 U.S.C.A. § 1, in that they had agreed to fix prices, to observe uniform hours of closing their businesses, to coerce others to do likewise, and to boycott and refuse to deal with others with respect to the sale to home consumers in Erie County, Pennsylvania, of malt beverages brewed and purchased outside the Commonwealth of Pennsylvania. They were also charged with having carried out the terms of such agreement.

The defendants timely filed their motions in arrest of judgment and for a new trial.

The motion in arrest of judgment is grounded upon the contentions that the indictment is not sufficient and that the evidence is not sufficient to establish beyond a reasonable doubt that the defendants were parties to a conspiracy to fix prices, to threaten to boycott or deal with others, or that the actions of the defendants or any of them as charged in the indictment had any substantial effect on interstate commerce.

■ The sufficiency of the evidence is not a proper basis for motion in arrest of judgment. United States v. Rosenberg, 2 Cir., 1952, 195 F.2d 583, certiorari denied 344 U.S. 838, 73 S.Ct. 20, 97 L.Ed. 687. The contentions of the defendants as to the sufficiency of the indictment and the jurisdiction of the Court have been passed upon in this Court's opinion on a previous motion of defendants to dismiss the indictment. The defendants' motion in arrest of judgment will therefore be denied.

The defendants advance twelve contentions in support of their motion for new trial.

■ The 1st, 2nd, 3rd, 8th and 9th thereof, question the sufficiency of the evidence to sustain the verdict of the jury. The defendants do not argue either orally or in their brief in this respect other than in their discussions pertaining to paragraphs 10, 11 and 12 of

their motion which deal with alleged errors in the charge of the Court and there is ample evidence in the record as to each defendant to support the allegations in the indictment. The contentions set forth in paragraphs 1, 2, 3, 8 and 9 in the defendants' motion for new trial are without merit.

■ The 4th contention advanced by the defendants in support of their motion for new trial as follows:

"4. The Court erred in charging the jury and in refusing to charge the jury as requested"

is also without merit. It states no specific ground of objection to the Court's charge. No objection was made to the charge of the Court at its conclusion, and before the jury retired, defendants stated they had no suggestions or requests in connection with the charge. United States v. Scoblick, 3 Cir., 1955, 225 F.2d 779; Fed.Rules Crim.Proc., Rule 30, 18 U.S.C.A.; Armstrong v. United States, 8 Cir., 1956, 228 F.2d 764, certiorari denied 1956, 351 U.S. 918, 76 S.Ct. 710, 100 L.Ed. 1450.

In the 10th, 11th and 12th contentions advanced by the defendants it is alleged that the Court erred in refusing to charge the jury with respect to the Sherman Act in the same matters advanced by them in their previous motion to dismiss the indictment, i. e., as to the extent of the effect of defendants' acts on interstate commerce, the effect of Pennsylvania law as to the application of the Sherman Act, and exclusion of the commodities involved from interstate commerce. The Court was requested to charge the jury contrary to the Court's opinion and ruling on the motion of defendants to dismiss the indictment. These contentions are also without merit, if the Court's decision and opinion on defendants' motion to dismiss is sustainable.

Those grounds which defendants most seriously advance are contained in paragraphs 5, 6 and 7 of their motion for

new trial pertaining to rulings of the Court as to the production of Federal Bureau of Investigation reports and records, as follows:

"5. The defendants were substantially prejudiced and deprived of a fair trial by reason of the following circumstances:

"At the trial the defendants and each of them moved for orders directing an inspection of reports made to the F.B.I. by two government witnesses as to events and activities to which they were to testify, and did testify. The motions were denied. The said reports contained statements of and activities to which these witnesses testified at the trial.

"6. The defendants were unduly prejudiced because of the refusal of the government to produce or allow an inspection of the reports made to the F.B.I. as the defendants were unable to properly prepare a defense, or to decide whether or not to call all of the defendants as witnesses or any of the defendants not called because the defendants had no means of knowledge in regard to the cross-examination said defendants or any of them not called as a witness might be subjected. (Sic)

"7. The records, investigation and other material concerning the defendants, and the evidence surrounding the activities of the defendants which were the basis for the institution of the criminal action by the government against the defendants were not made available to the defendants, as required by law."

Two basic questions are presented by these contentions. First, what material which forms the basis for the institution of this criminal action was the government required to make available to the defendants? Second, what reports made by two agents of the Federal Bureau of Investigation were required to be produced for inspection under the circumstances of this particular case?

It is well established that the defendant in any criminal proceeding must be informed of the offense with which he is charged by averments that are sufficiently definite and certain to safeguard him from a second prosecution for the same offense. A defendant is also entitled to be informed of such particulars as are necessary to enable him to adequately prepare his defense. He is not entitled as a matter of right to the evidence upon which the government relies to prove the offense charged. Mulloney v. United States, 1 Cir., 79 F.2d 566; Schneider v. United States, 9 Cir., 1951, 192 F.2d 498. The government, therefore, was not required to disclose its evidence, as such, which is called for in defendants' assigned reasons 6 and 7. It is the opinion of this Court that the case of Jencks v. United States, 1957, 353 U.S. 657, 77 S.Ct. 1007, 1 L.Ed.2d 1103, does not change this basic proposition. The information contained in the Indictment and in the government's voluntary Bill of Particulars is sufficient answer to the first of these questions.

As to the second question, it is to be noted that the two agents of the Federal Bureau of Investigation whose reports were demanded, did not appear as witnesses and the government did not rely upon their testimony in the presentation of the government's case in chief. The Court had directed, during this stage of the trial, that, if they were to be called as witnesses, any reports made by them to the F.B.I. concerning the events about which they would testify be produced for inspection by the defendants. The government then rested its case without calling the witnesses. It was not until Raymond J. Felbinger, President of one of the defendants, Kahkwa Beer Company, took the stand in behalf of the defendants and made statements on direct examination inconsistent with previous statements made to an F.B.I. agent, that the issue was again raised. The govern-

ment on cross-examination, and in accordance with previous notice of its intention to do so, laid the foundation for impeachment by interrogating Felbinger concerning his prior statements. The same procedure was followed with respect to Robert E. Carney, another of the defendants, after he testified. The government, then, before defendants rested their case, at the direction of the Court, delivered to defendants copies of the F.B.I. reports on the interviews in which the prior inconsistent statements were made. The defendants thereafter rested their case. In rebuttal, three agents of the F.B.I. were called by the government for the limited purpose of testifying to prior inconsistent statements of the witnesses Felbinger and Carney which were made in the course of interviews with them. The documents which had been delivered to the defendants before the close of their case contained all reports in connection with these interviews made by the agents who testified.

Defendants now insist that their request for "all reports of the witnesses in any matter pertaining to this case" should have been complied with and that anything short of compliance with this broad demand constitutes an unwarranted limitation of the rights of the defendants as enunciated in the case of Jencks v. United States, 1957, 353 U.S. 657, 77 S.Ct. 1007.

It appears to this Court that the Jencks case is applicable only to those situations where reports of witnesses who testified are specifically requested and where such reports pertain to the events concerning which the witnesses have given testimony. In discussing the case of Gordon v. United States, 344 U.S. 414, 73 S.Ct. 369, 97 L.Ed. 447, the Supreme Court at page 666 of 353 U.S., at page 1012 of 77 S.Ct. of the report of the Jencks case refers to the following as "necessary essentials":

" * * * the demand was for production of * * * specific doc-

uments *and did not propose any broad or blind fishing expedition* among documents possessed by the Government on the chance that something impeaching might turn up. Nor was this a demand for statements taken from persons or informants not offered as witnesses."

Any reports made by the rebuttal witnesses in this case were irrelevant to the issue at hand unless they dealt with the matter of inconsistent statements on the part of Felbinger and Carney in the course of interviews with the witnesses. Those events concerning which the F.B.I. agents testified in rebuttal consisted of statements made by the witness sought to be impeached and the issue was whether or not the alleged statements were made by him. Had the government sought to establish by further evidence the truth or falsity of the subject matter of the statements made at the interviews in question, such evidence would have been necessarily excluded as improper rebuttal. Cross-examination in this broad aspect would also have been improper. It follows, therefore, that the subject matter of any reports having to do with events other than the making of inconsistent statements would have been irrelevant and excludable.

To have required production of the further reports requested by the defendants in this instance would also have been inconsistent with the language of the Jencks case set forth in 353 U.S. at page 667, 77 S.Ct. at page 1012 of the report thereof, as follows:

"We reaffirm and re-emphasize these essentials. 'For production purposes, it need only appear that the evidence is relevant, competent, and outside of any exclusionary rule'."

The defendants were given ample opportunity to inspect all reports to which they were entitled.

The defendants' motion for new trial will be denied.